IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang

Civil Action No. 24-cv-03568-NYW-SBP

LUIS LEON,

    Plaintiff,

v.

SHANE GOSNELL, and
MIKE MILLER,

    Defendants.

---

## ORDER ADOPTING MAGISTRATE JUDGE'S RECOMMENDATION

---

This matter is before the Court on the Recommendation of United States Magistrate Judge, issued by the Honorable Susan Prose on December 15, 2025. [Doc. 62]. Judge Prose recommends denying Plaintiff's Motion for Leave to File Amended Complaint to Add Defendant, [Doc. 33], and Plaintiff's Motion for Leave to File Supplemental Complaint Pursuant to FRCP 15(d) (together, the "Motions to Amend"), [Doc. 42]; *see also* [Doc. 62 at 6]. Plaintiff has objected to the Recommendation, [Doc. 64], and Defendants have responded, [Doc. 65]. For the reasons set forth below, the Court respectfully **OVERRULES** the Objection and **ADOPTS** the Recommendation.

## LEGAL STANDARDS

A district court may refer a motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation

must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Prop.*, 73 F.3d 1057, 1060 (10th Cir. 1996); *see also* Fed. R. Civ. P. 72(b)(2) (permitting a party to raise "specific written objections to the proposed findings and recommendations"). Such specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *One Parcel*, 73 F.3d at 1059 (quotation omitted).

In the absence of a proper objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a [magistrate judge's] factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Absent a proper objection, the Court reviews a recommendation to satisfy itself that there is "no clear error on the face of the record."[1] Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.

The Court also remains mindful that Mr. Leon proceeds pro se. The Court thus affords his papers and filings a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as a pro se litigant's advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see*

---

[1] This standard of review is something less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a *de novo* review, Fed. R. Civ. P. 72(b).

2

*Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).  Like any other litigant appearing before this Court, Mr. Leon is bound by the Local Rules of this District.  *See Hendrix v. Employer's Reinsurance Corp.*, 26 F. App'x 873, 874 (10th Cir. 2002) ("Pro se litigants must follow the rules of procedure, including local rules.").

## ANALYSIS

Judge Prose recommends denying the Motions to Amend for failure to comply with Local Rule 15.1.  Local Rule 15.1 requires a party moving to amend or supplement a pleading to "attach as an exhibit a copy of the proposed amended or supplemental pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added."  D.C.COLO.LCivR 15.1(b).  Because Mr. Leon did not submit redlined copies of his proposed amended pleadings, Judge Prose concludes that the motions should be denied.  [Doc. 62 at 1–3].

In his Objection, Mr. Leon does not dispute that he failed to provide redlined copies of his proposed amendments.  [Doc. 64].  He admits that, as a non-lawyer, he did not know how to properly amend his pleadings and "thought [his] earlier submissions [i.e., the Motions to Amend] were enough for the Court."  [*Id.* at 2–3].  He asks the Court to overlook his noncompliance with Local Rule 15.1 and permit him to amend, based on his allegations in this case and his difficult personal circumstances.  *See* [*id.*].

The Court is sympathetic to Mr. Leon's personal hardship and the difficulties faced by pro se litigants navigating the legal system.  But Mr. Leon's Objection does not identify any specific factual or legal errors in the Recommendation that warrant a de novo review by this Court.  Rather, Mr. Leon simply disagrees with the outcome of the

3

Recommendation, even though he concedes that Judge Prose made no error.  *See, e.g.*, *Aguilera v. City of Colorado Springs*, No. 18-cv-02125-KMT, 2019 WL 3302168, at *9 (D. Colo. July 23, 2019) ("Noncompliance with procedures required by a local rule is a proper basis for denying [a] motion." (collecting cases)).  This is insufficient to trigger de novo review.  *See Wofford v. Colvin*, 570 F. App'x 744, 746 (10th Cir. 2014) (finding that broad objections were insufficient because they did not "provide any meaningful notice as to the particular factual or legal errors the magistrate judge allegedly committed"); *Schmid v. Willams*, No. 21-cv-02556-DDD-JPO, 2024 WL 4479821, at *2 (D. Colo. June 10, 2024) ("Generalized objections to the outcome of a recommendation do not trigger de novo review.").

Accordingly, focusing solely on the legal issue of the application of Local Rule 15.1, the Court has reviewed the Recommendation and found no "clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), advisory committee's note to 1983 amendment.  The Objection is respectfully **OVERRULED**, and the Recommendation is **ADOPTED**.

## CONCLUSION

Accordingly, it is **ORDERED** that:

(1)   Plaintiff's Objection [Doc. 64] is **OVERRULED**;

(2)   The Recommendation of United States Magistrate Judge [Doc. 62] is

---

[2] Mr. Leon suggests that if the Court cannot "look past this procedural mistake," it should "at least give [him] some guidance or time to fix it."  [Doc. 64 at 2].  The Court notes, however, that Judge Prose devoted several pages to "identifying . . . possible pleading deficits" in Mr. Leon's proposed amendments.  [Doc. 62 at 3–6].  She did so to highlight "matters Mr. Leon may wish to evaluate, should he decide to renew his request for leave to amend or supplement his pleading."  [*Id.* at 5].  The Court takes no position on this portion of the Recommendation other than to note that Mr. Leon remains free to file another motion to amend.

4

**ADOPTED**;

(3)    Plaintiff's Motion for Leave to File Amended Complaint to Add Defendant [Doc. 33] is **DENIED**; and

(4)    Plaintiff's Motion for Leave to File Supplemental Complaint Pursuant to FRCP 15(d) [Doc. 42] is **DENIED**.

DATED:  February 10, 2026

BY THE COURT:

_____
Nina Y. Wang
United States District Judge

5