**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge Nina Y. Wang**

Civil Action No. 24-cv-03568-NYW-SBP

LUIS LEON,

Plaintiff,

v.

SHANE GOSNELL, and
MIKE MILLER,

Defendants.

---

**ORDER ON MAGISTRATE JUDGE'S RECOMMENDATION**

---

This matter is before the Court on the Report and Recommendation of United States Magistrate Judge ("Recommendation"), issued by the Honorable Susan Prose. [Doc. 67].[1] Judge Prose recommends that the Court (1) grant Defendant Shane Gosnell's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss ("Motion"), [Doc. 44]; and (2) dismiss the claims against Defendant Mike Miller for failure to serve, pursuant to Federal Rule of Civil Procedure 4(m). *See generally* [Doc. 67]. For the following reasons, the Recommendation is respectfully **ADOPTED**.

**BACKGROUND**

As an initial matter, the Court notes that Plaintiff Luis Leon ("Plaintiff" or "Mr. Leon") challenges Judge Prose's analysis but does not object to her summary of the procedural

[1] Where the Court refers to the filings made in the Electronic Case Files ("ECF") system in this action, it uses the convention [Doc. ___]. When the Court refers to the ECF docket number for a different action, it uses the convention [ECF No. ___]. In either case, the Court identifies the page number as assigned by the ECF system.

history of this case and Mr. Leon's prior criminal proceedings. *Compare* [Doc. 67 at 2–4, 5–11], *with* [Doc. 68]. Nor does he object to her taking judicial notice of records concerning those proceedings. *See* [Doc. 67 at 4–5]. Accordingly, the Court **ADOPTS** that portion of the Recommendation and recounts the facts only to the extent necessary to resolve Mr. Leon's Objection.

***The 2018 Case.*** In December 2017, Defendant Shane Gosnell ("Trooper Gosnell"), while on duty as a Colorado state trooper, initiated a traffic stop of Plaintiff's pickup truck. [Doc. 67 at 2 & n.1]; *see* [Doc. 17 at ¶ 7]. Based on his conversation with Mr. Leon and other observations, Trooper Gosnell called for a dog sniff of the truck. *See* *United States v. Leon*, 80 F.4th 1160, 1163–64 (10th Cir. 2023). The dog alerted for narcotics, and a search of the truck revealed 76 pounds of methamphetamine. *Id.* In January 2018, Mr. Leon was indicted in federal court on one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii). *United States v. Leon*, No. 18-cr-00020-MSK-GPG (D. Colo.) (the "2018 Case"), ECF No. 1.

Mr. Leon moved to suppress, challenging Trooper Gosnell's basis for both stopping Mr. Leon and subsequently extending the stop. Then-Magistrate Judge Gordon Gallagher held a two-day evidentiary hearing on the motion to suppress. At the hearing, Mr. Leon's attorney cross-examined Trooper Gosnell about Trooper Gosnell's photographs of items in Mr. Leon's truck. *See* [Doc. 67 at 5–7 (summarizing this testimony)]. Trooper Gosnell conceded that some boxes had been removed from Mr. Leon's truck before the photographs were taken, and that he couldn't testify that everything in a photograph was "exactly where it was at the time of the initial stop." 2018

Case, ECF No. 55 at 67:25–69:6. Judge Gallagher recommended that the motion to suppress be denied. [Doc. 44-1]. Judge Marcia Krieger—the presiding district judge—agreed and concluded that Trooper Gosnell had reasonable suspicion to stop Mr. Leon's truck and to extend the stop. [Doc. 44-2]. The 2018 Case was dismissed without prejudice on Speedy Trial Act Grounds. 2018 Case, ECF No. 82.

***The 2019 Case.*** The Government refiled the criminal case against Mr. Leon in September 2019. *See United States v. Leon*, No. 19-cr-00442-CMA (D. Colo.) (the "2019 Case"), ECF No. 1. The Government supported the criminal complaint with an affidavit from Kevin Doheny ("Agent Doheny"), a DEA Special Agent, who described the traffic stop, the recovery of the methamphetamine, and Mr. Leon's admissions about his transportation of methamphetamine. 2019 Case, ECF No. 1-1. Judge Gallagher found probable cause to sign the complaint. 2019 Case, ECF No. 1.

After indictment, Mr. Leon renewed his motion to suppress. The Honorable Christine M. Arguello held another evidentiary hearing, at which Trooper Gosnell testified. *See generally* 2019 Case, ECF No. 63. As Judge Prose recounts, Mr. Leon's attorney again questioned Trooper Gosnell about the photographs of the interior of the truck:

> Q. But we don't have a picture of how [the boxes that contained the methamphetamine] actually looked before, when you first approached the vehicle, do we –
>
> A. No. we do not.
>
> Q. -- because you didn't take any photos until after you and Deputy Miller had started moving things around and taking items out of the truck?
>
> A. Yes, that's accurate.

[Doc. 67 at 9 (quoting 2019 Case, ECF No. 63 at 37:13–20)].

At the conclusion of the hearing, Judge Arguello denied the motion to suppress in an oral ruling. She found that Trooper Gosnell had reasonable suspicion for both the initial stop and the decision to extend the stop. *See* 2019 Case, ECF No. 63 at 118:7–127:11. With respect to the items in Mr. Leon's truck, she noted that

> Mr. Leon denies that the boxes were in disarray and that law enforcement failed to photograph the interior of the vehicle prior to law enforcement moving things around, and that it is law enforcement's moving things around that resulted in this disarray. Again, this is a matter for the jury to determine. Moreover, this is only one of the circumstances relied upon by Trooper Gosnell.

2019 Case, ECF No. 63 at 123:2–8. Judge Arguello further found that the "minor inconsistencies in Trooper Gosnell's testimony that were highlighted in Mr. Leon's cross-examination of him do not cast meaningful doubt on his credibility." *Id.* at 126:24–127:2.

Mr. Leon entered into a plea agreement in the 2019 Case but later appealed. On appeal, he challenged only whether Trooper Gosnell had reasonable suspicion to *extend* the stop, not the reasonable suspicion for the initial stop. *See Leon*, 80 F.4th at 1163; [Doc. 67 at 11]. The Tenth Circuit ruled for Mr. Leon and held that "Trooper Gosnell did not have reasonable suspicion to extend the stop." *Leon*, 80 F.4th at 1170. The 2019 Case was dismissed with prejudice on remand. 2019 Case, ECF No. 142.

***This Litigation.*** Mr. Leon then commenced this suit. [Doc. 1]. His only remaining claim against Trooper Gosnell is Claim Four, a Fourth Amendment claim for malicious prosecution against Trooper Gosnell. [Doc. 17 at ¶ 24]; *see* [Doc. 20; Doc. 22]. He alleges that Trooper Gosnell "intentionally rearranged items to stage photographs," which led to the discovery of the methamphetamine and Mr. Leon's arrest and prosecution. [Doc. 17 at ¶ 24]. Mr. Leon also suggests that Trooper Gosnell lacked reasonable

suspicion to stop him at all. *See* [*id.*]. Defendant Mike Miller ("Mr. Miller") has not been served or otherwise appeared in the case.

Trooper Gosnell moves to dismiss for failure to state a claim. [Doc. 44]. He first asserts that issue preclusion bars Plaintiff from relitigating Judge Arguello's ruling in the 2019 Case that reasonable suspicion supported the initial traffic stop. [*Id.* at 5–10]. And he seeks qualified immunity on the malicious prosecution claim, arguing that (1) he had arguable reasonable suspicion to extend the traffic stop, (2) Plaintiff cannot meet the causation element of a malicious prosecution claim, and (3) Plaintiff's rights were not clearly established in 2017. [*Id.* at 11–15].

***The Recommendation.*** Judge Prose recommends granting the Motion. First, she rejects Trooper Gosnell's invocation of issue preclusion, because there is a "fundamental mismatch" between Judge Arguello's ruling (which addressed reasonable suspicion) and a malicious prosecution claim (which turns on probable cause). [Doc. 67 at 12–15]. Second, for the same reason, she finds Trooper Gosnell's "arguable reasonable suspicion" argument inapposite, because it does not address probable cause. [*Id.* at 19–20]. Third, however, Judge Prose recommends granting Trooper Gosnell qualified immunity on the causation element of malicious prosecution. [*Id.* at 20–23]. She concludes that the affidavit from Agent Doheny and the determinations by Judges Gallagher, Krieger, and Arguello sever any causal connection between Trooper Gosnell's conduct during the stop and Mr. Leon's subsequent prosecution. [*Id.*]. Fourth, Judge Prose separately recommends dismissing the claim against Mr. Miller for failure to serve. [*Id.* at 24–25].

Plaintiff filed a timely Objection asking this Court to reject the Recommendation "regarding Defendant Shane Gosnell." [Doc. 68 at 19]. Trooper Gosnell filed a Response, arguing that the Court should adopt the Recommendation and dismiss Plaintiff's claim with prejudice. *See* [Doc. 71].

## LEGAL STANDARDS

### I. Rule 72(b)

A district court may refer a dispositive motion to a magistrate judge for recommendation. 28 U.S.C. § 636(b)(1)(B). The district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Specific objections permit "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Id.* at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

In the absence of an objection, the Court may review a recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991). Absent a valid objection, the Court reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b) advisory committee's note to 1983 amendment. This standard of review is less than a "clearly erroneous or . . . contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than de novo review, Fed. R. Civ. P. 72(b).

## II. Rule 12(b)(6)

Under Rule 12(b)(6), a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In deciding a motion under Rule 12(b)(6), the Court must "accept as true all well-pleaded factual allegations . . . and view these allegations in the light most favorable to the plaintiff." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010) (quoting *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)). The plaintiff may not rely on mere labels or conclusions, "and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation omitted).

## III. Qualified Immunity

Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). A motion to dismiss based on qualified immunity creates a presumption of immunity, *Bledsoe v. Carreno*, 53 F.4th 589, 606 (10th Cir. 2022) (citation omitted), and the burden shifts to the plaintiff to overcome this presumption, *Hunt v. Montano*, 39 F.4th 1270, 1284 (10th Cir. 2022). To rebut an assertion of qualified immunity, a plaintiff must establish "(1) that the defendant violated a constitutional or statutory right, and (2) that this right was clearly established at the time of the defendant's conduct." *McBeth v. Himes*, 598 F.3d 708, 716 (10th Cir. 2010) (citation and quotation omitted). The Court has discretion

to decide which of these requirements to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

## IV. Pro Se Filings

Because Plaintiff proceeds pro se, his filings are entitled to liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam). But the Court cannot and does not act as his advocate, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991), and applies the same procedural rules and substantive law to pro se parties as to represented parties, *see Murray v. City of Tahlequah*, 312 F.3d 1196, 1199 n.3 (10th Cir. 2002); *Dodson v. Bd. of Cnty. Comm'rs*, 878 F. Supp. 2d 1227, 1236 (D. Colo. 2012).

# ANALYSIS

## I. The Recommendation Is Adopted as to Defendant Miller

As an initial matter, the Court notes that Plaintiff does not object to Judge Prose's recommendation that the claims against Mr. Miller be dismissed for failure to serve pursuant to Federal Rule of Civil Procedure 4(m). *See* [Doc. 68]. Rule 4(m) requires that a defendant be served within 90 days after the complaint is filed. If a plaintiff fails to do so, a court may dismiss claims against that defendant "on its own after notice to the plaintiff," unless the plaintiff shows good cause for the failure. Fed. R. Civ. P. 4(m). Judge Prose specifically noted Plaintiff's obligations under Rule 4(m) in a prior order, [Doc. 63], but Plaintiff failed to provide the information necessary to serve Mr. Miller. Nor has he pointed to any good cause for his failure to do so. His Objection makes no effort to defend his claims against Mr. Miller and expressly limits itself to challenging the Recommendation "regarding Defendant Shane Gosnell." [Doc. 68 at 19]. Accordingly, the Recommendation is **ADOPTED** as to the claims against Mr. Miller, which are

**DISMISSED without prejudice** for failure to serve. *See* Fed. R. Civ. P. 4(m) (requiring that a dismissal for failure to serve be without prejudice).

## II. Plaintiff's Malicious Prosecution Claim Is Subject to Sua Sponte Dismissal

Before considering the Objection, the Court addresses a fundamental flaw in Plaintiff's malicious prosecution claim. A sua sponte dismissal under Rule 12(b)(6) is appropriate "when it is patently obvious that the plaintiff could not prevail on the facts alleged" and amendment would be futile. *McKinney v. Okla. Dep't of Hum. Servs.*, 925 F.3d 363, 365 (10th Cir. 1991) (quotation omitted).

Malicious prosecution claims focus on arrests, prosecution, and incarceration. *McCarty v. Gilchrist*, 646 F.3d 1281, 1285 (10th Cir. 2011); *see also Novitsky v. City of Aurora*, 491 F.3d 1244, 1257 (10th Cir. 2007) (construing a claim based on "federal prosecution and [plaintiff's] resulting incarceration" as a malicious prosecution claim). An essential element of a malicious prosecution claim is that "there was no probable cause to support the original arrest, continued confinement, or prosecution." *McCarty*, 646 F.3d 1281, 1285 (quoting *Novitsky*, 646 F.3d at 1258); *see also id.* ("*Novitsky* holds that lack of probable cause is an element of § 1983 malicious prosecution."); *Shrum v. Cooke*, 60 F.4th 1304, 1310 n.3 (10th Cir. 2023) (referring to the lack of probable cause as a "key element" of a § 1983 malicious prosecution claim). "Probable cause exists where the facts and circumstances within the arresting officer's knowledge and of which they had reasonably trustworthy information are sufficient in themselves to warrant a person of reasonable caution to have the belief that an offense has been or is being committed by the person to be arrested." *Koch v. City of Del City*, 660 F.3d 1228, 1239 (10th Cir. 2011) (quotation omitted). Importantly, "the exclusionary rule and fruit-of-the-poisonous-tree

doctrine do not apply in the § 1983 context." *Shaw v. Schulte*, 36 F.4th 1006, 1017 (10th Cir. 2022). When assessing probable cause as relevant to a § 1983 claim, the Court may consider evidence uncovered after an unlawful search or seizure. *See Shaw*, 36 F.4th at 1017–18 (limiting § 1983 claim to Fourth Amendment violation committed before drug dog alerted, because the alert gave probable cause for a search and was not excluded by fruit-of-the-poisonous tree doctrine); *Schrecengost v. Powers*, No. 24-cv-00588-PAB-TPO, 2026 WL 863988, at *11 n.17 (D. Colo. Mar. 30, 2026) ("The fact that a prolongation of detention was unlawful does not preclude the Court from considering evidence that arose following the unlawful prolongation." (citing *Shaw*, 36 F.4th at 1017)).

Mr. Leon provides no allegations establishing a lack of probable cause. Mr. Leon did not challenge probable cause for the search of his truck in the 2019 Case that resulted in his conviction. But even accepting as true his allegation that Trooper Gosnell staged photos of the items in his truck, Mr. Leon does not dispute that the 76 pounds of methamphetamine recovered from his truck provided probable cause for an arrest and prosecution. Instead, he alleges that Trooper Gosnell lacked (or manufactured) reasonable suspicion to stop him or extend the stop. *See* [Doc. 17 at ¶ 24]. While this led to reversal of the suppression ruling in the criminal case, *see Leon*, 80 F.4th 1160, the Court may still consider the methamphetamine and other fruits of the stop in this case. So any assessment of whether probable cause supported Mr. Leon's arrest and prosecution will always include the methamphetamine, regardless of whether the initial stop and search were constitutional. And Mr. Leon wholly fails to allege how Trooper Gosnell or prosecutors lacked probable cause to believe he had committed a crime based on the quantity of drugs discovered in his truck. Because it is patently obvious that Mr.

Leon cannot plausibly allege an essential element of a malicious prosecution claim, his claim independently fails. *See McKinney*, 925 F.3d at 365.

**III. The Recommendation Is Adopted as to Defendant Gosnell**

Notwithstanding this issue, the Court conducts a de novo review of the Recommendation's causation analysis.[2] Arrests provide a basis for a malicious prosecution claim only in specific cases. "Pursuing a malicious prosecution claim against a police officer is anomalous because the principal player in carrying out a prosecution is not police officer but prosecutor." *Horocofsky v. City of Lawrence*, --- F.4th ----, 2026 WL 2673123, at *5 (10th Cir. Sept. 10, 2026) (cleaned up) (quoting *Taylor v. Meacham*, 82 F.3d 1556, 1563 n.8 (10th Cir. 1996)). The causal chain between a police officer's conduct and a plaintiff's prosecution is typically broken by an indictment or a judicial determination of probable cause. *See id.*; *Shrum*, 60 F.4th at 1312. However,

> officers may be said to cause a prosecution if they prepare an affidavit and (1) knowingly or with reckless disregard for the truth include false statements or omit facts in the affidavit, (2) the inaccuracies are material because they are significant enough to vitiate probable cause, and (3) the statements or omissions induce the criminal justice system to confine and then to prosecute an innocent defendant.

*Horocofsky*, 2026 WL 2673123, at *5 (quotation omitted).

The Court again emphasizes that Mr. Leon's allegations are a poor fit for this theory of malicious prosecution. Mr. Leon only alleges that Trooper Gosnell staged photographs and made misleading statements on his vehicle camera. [Doc. 17 at ¶ 24]. There is no allegation that Trooper Gosnell made false statements in an affidavit or that any of

---

[2] Neither Party objects to Judge Prose's analysis of issue preclusion and arguable reasonable suspicion. Upon review, the Court finds no clear error on the face of the record and respectfully **ADOPTS** those portions of the Recommendation.

Trooper Gosnell's alleged errors are "significant enough to vitiate probable cause." *Horocofsky*, 2026 WL 2673123, at *5 (quotation omitted). Nor are there allegations that the staged photographs induced prosecutors and judges to approve charges against Mr. Leon. Indeed, Agent Doheny's affidavit supporting the criminal complaint in the 2019 Case made just one passing mention of the items in Mr. Leon's truck: "Trooper Gosnell observed food wrappers, drinks, boxes, a backpack, clothing, religious books, and miscellaneous items scattered throughout the vehicle." 2019 Case, ECF No. 1-1 at ¶ 4. Agent Doheny spent far more time on the "sixty four brick shape packages of suspected methamphetamine" found in Mr. Leon's truck and Mr. Leon's incriminating statements in a subsequent interview. *Id.* at ¶¶ 8–19. As Judge Prose emphasizes, Judge Gallagher found Agent Doheny's affidavit sufficient to sign the criminal complaint. [Doc. 67 at 8]; 2019 Case, ECF No. 1. Based on these facts alone, the Court finds that Mr. Leon fails to plausibly allege an unbroken causal chain between Trooper Gosnell's conduct and Mr. Leon's prosecution.

Mr. Leon's theory seems to be that Trooper Gosnell staged the photographs to "solidify his case in my arrest," thus shoring up Trooper Gosnell's reasonable suspicion determination to support his extension of Mr. Leon's traffic stop in anticipation of a potential motion to suppress. [Doc. 17 at ¶ 24]. This attack on reasonable suspicion is unresponsive to whether Trooper Gosnell made false statements that induced a probable cause determination by a prosecutor or judge. *See Horocofsky*, 2026 WL 2673123, at *5. Mr. Leon cites no legal authority, nor could this Court independently find any, indicating that a flaw with respect to reasonable suspicion to prolong a stop is cognizable through a malicious prosecution claim.

In any case, this Court concurs with Judge Prose that Mr. Leon fails to plausibly allege causation. The precise issues raised by Mr. Leon here—Trooper Gosnell's statements regarding Mr. Leon's suspicious demeanor or conduct and the potentially inaccurate photographs of Mr. Leon's truck—were thoroughly ventilated during two suppression hearings. Mr. Leon's attorney cross-examined Trooper Gosnell at length, and Judges Gallagher, Krieger, and Arguello took due account of these issues in their respective rulings. None found these arguments persuasive. That alone suffices to sever any causal connection between Trooper Gosnell's conduct and the ruling denying the suppression motion that led to Mr. Leon's conviction. *Cf. Taylor*, 82 F.3d at 1564 (concluding that preliminary hearing broke causal chain where judge "independently listened to testimony, evaluated the credibility of those testifying, reviewed evidence, and concluded that the evidence was sufficient to bind Mr. Taylor over for trial").

Mr. Leon's objections are unpersuasive. First, he argues that the basis for Trooper Gosnell's reasonable suspicion was contradicted by video evidence and Trooper Gosnell's own cross-examination. [Doc. 68 at 3–8]. As explained, however, these issues were raised in the suppression hearings and considered by the respective judges. *See, e.g.*, 2018 Case, ECF No. 59 at 8–14 (Judge Krieger assessing reasonable suspicion based on both video evidence and Trooper Gosnell's testimony); 2019 Case, ECF No. 63 at 126:12–127:2 (Judge Arguello finding the factors observed by Trooper Gosnell sufficient to establish reasonable suspicion to extend the search, and concluding that the "minor inconsistencies" highlighted on cross-examination "do not cast meaningful doubt on [Trooper Gosnell's] credibility"). Those rulings severed the causal chain.

Second, Mr. Leon asserts that Judge Prose erred by ignoring Trooper Gosnell's "documented history" of perjury in multiple other cases. [Doc. 67 at 9–12]. But Mr. Leon did not allege such a pattern of perjury, nor did he raise this issue to Judge Prose in his response to the Motion to Dismiss. *See* [Doc. 17; Doc. 46]. Mr. Leon cannot amend his pleading through an Objection, and he has waived any arguments not raised in his initial response. *See, e.g.*, *Lovett v. Ruda*, No. 17-cv-02010-PAB-KLM, 2018 WL 4659111, at *4 n.9 (D. Colo. Sept. 28, 2018) ("Plaintiff may not amend his complaint by asserting new allegations in an objection under Fed. R. Civ. P. 72(b)(2)."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

Third, Mr. Leon argues that the indictment in the 2019 Case cannot sever the causal chain between Trooper Gosnell's conduct and Mr. Leon's prosecution. [Doc. 68 at 13–14]. This fails for the same reason as Mr. Leon's first objection—any causal chain was severed because the issues Mr. Leon now raises were addressed in the suppression hearings and found unpersuasive. The fact that the 2018 and 2019 Cases involved the same facts makes no difference.

This also disposes of Mr. Leon's final objection, which relies on video evidence and Trooper Gosnell's testimony to argue that Trooper Gosnell committed felony evidence tampering. *See* [Doc. 68 at 15–18]. Whether Trooper Gosnell's conduct amounted to a crime is immaterial to the causation analysis. And Mr. Leon's reliance on evidence presented to Judges Gallagher, Krieger, and Arguello only underscores the accuracy of Judge Prose's conclusion that those judges' rulings severed the causal chain

between Trooper Gosnell's conduct and Mr. Leon's continued prosecution after the motions to suppress.

Accordingly, the Court respectfully concludes that Mr. Leon fails to plausibly allege a malicious prosecution claim against Trooper Gosnell. The Objection is **OVERRULED**, and the Recommendation is **ADOPTED**.

**CONCLUSION**

For the reasons set forth in this Order, it is **ORDERED** that:

(1) Plaintiff's Objection [Doc. 68] is **OVERRULED**;

(2) The Report and Recommendation of United States Magistrate Judge [Doc. 67] is **ADOPTED**;

(3) Defendant Shane Gosnell's Fed. R. Civ. P. 12(b)(6) Motion to Dismiss [Doc. 44] is **GRANTED**;

(4) Plaintiff's remaining claim against Trooper Gosnell is **DISMISSED with prejudice**;

(5) Plaintiff's claims against Defendant Mike Miller are **DISMISSED without prejudice**;

(6) The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendants and against Plaintiff and **TERMINATE** this case; and

(7) Defendants are awarded their costs pursuant to Fed. R. Civ. P. 54(d)(1) and D.C.COLO.LCivR 54.1.

DATED: September 23, 2026

BY THE COURT:

Nina Y. Wang
United States District Judge